UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:26-CR-46-REW-EBA-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ADAM LITTLE, JR, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 6 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant Adam Little, Jr.'s guilty plea and adjudge him guilty of the sole count of the Information (DE 5). *See* DE 10 (Recommendation); *see also* DE 9 (Plea Agreement); DE 7 (Waiver of Indictment). Judge Atkins expressly informed Little of his right to object to the recommendation and secure de novo review from the undersigned. *See* DE 10 at 2-3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 10, **ACCEPTS** Little's guilty plea, and **ADJUDGES** Little guilty of Count 1 (the sole count) of the Information.

2. Further, per Judge Atkins's recommendation and Defendant's plea agreement (DE 9 ¶ 11), the Court provisionally **FINDS** that the property identified in the Information's Forfeiture Allegations, *see* DE 5 at 1-2 (U.S. currency, firearms and ammunition), is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. FED. R. CRIM. P. 32.2 (b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B);

3. The Court will issue a separate sentencing order.[1]

This the 31st day of March, 2026.



**Signed By:**

*Robert E. Wier*

**United States District Judge**

---

[1] At the hearing, Judge Atkins remanded Little to custody. *See* DE 6. Absent an intervening order, and given the mandatory nature of detention in a drug case of this gravity, Little will remain in custody pending sentencing.